UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GABRIEL JARVIS, | ) | CASE NO.: 4:25CV1240 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | U.S. DISTRICT JUDGE |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN ANTHONY DAVIS, | ) | CARMEN HENDERSON |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |

On April 27, 2026, the Magistrate Judge issued a Report and Recommendation that the Court deny Petitioner Gabriel Jarvis' habeas petition on the basis that his claims were not cognizable, procedurally defaulted, and meritless. With the benefit of the mailbox rule, Jarvis timely filed objections. The Court now reviews his objections.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

In his first ground for relief, Jarvis alleged that his due process rights were violated when the Ohio Supreme Court declined to hear his delayed appeal. The R&R concluded that Jarvis' arguments relied upon state law procedures and therefore were not cognizable in this federal habeas proceeding. In his objections, Jarvis states in a conclusory fashion that the denial by the Ohio Supreme Court amounted to a denial of due process and therefore should be subject to review. He has offered no legal authority for his position. Moreover, courts have consistently rejected his argument.

> [W]hether or not the Ohio Supreme Court properly denied petitioner's motion for a delayed appeal under state law is not an issue for this Court on habeas review. *See Jones v. Moore*, 2006 WL 903199, at *6 (N.D.Ohio Apr.7, 2006) (dismissing ground for relief challenging Ohio Supreme Court's denial of motion for leave to appeal as being not cognizable and noting that there is no constitutional right to appeal to the Ohio Supreme Court); *Norris v. Davis*, 2006 WL 1581410 at *18 (E.D.Mich. May 3, 2006) (finding that a substantive claim regarding the state supreme court's denial of a delayed appeal failed to state a federal constitutional claim cognizable on habeas review); *Smith v. State of Ohio Dep't. of Rehab. and Corr.*, 331 F.Supp.2d 605, 622 (N.D.Ohio 2004) (finding that a ground for relief challenging Ohio Supreme Court's denial of a motion for leave to file a delayed appeal is not cognizable in federal habeas review)."

*Raleigh v. Warden, London Corr. Inst.*, No. 1:12-CV-211, 2013 WL 3934423, at *3 (S.D. Ohio July 30, 2013), report and recommendation adopted, No. 1:12CV211, 2014 WL 2871324 (S.D. Ohio June 24, 2014). Accordingly, the R&R properly found this ground for relief was not cognizable.

The R&R next concluded that Jarvis procedurally defaulted his final two grounds for relief *and* that both grounds lacked merit. The Court finds that the R&R correctly concluded that Jarvis had procedurally defaulted his final two claims and failed to show cause and prejudice related to the default.

Jarvis' argument is premised upon the allegation that the state appellate court did not send him a judgment entry at the time his appeal was concluded. As a result, his appeal to the Ohio Supreme Court was rejected. Jarvis asserted that he received his returned notice of appeal on March 29, 2024, and then sent a letter to the appellate court requesting a judgment entry. Jarvis then took no action for more than six months when he sent out a second letter on October 7, 2024. In finding that Jarvis had failed to demonstrate prejudice, the R&R correctly relied on *Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 436 (6th Cir. 2006). In *Smith*, the Sixth Circuit concluded that a petitioner could not demonstrate prejudice when he failed to act for over five months after learning of an appellate court's decision. For the same reasons, Jarvis' six-

month period of inaction precludes any finding that he was prejudiced by the appellate court's failure to include a judgment entry with its decision.

The R&R is adopted in its entirety, and the petition is DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

Date: September 3, 2026

*/s/ John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE